{¶ 15} I disagree with the majority's assessment. In order for Appellant to prevail on a claim of agency by estoppel, he must show not only that the hospital holds itself out to the public as a provider of medical services, but also that "in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care." Clark v. Southview Hosp.
(1994), 68 Ohio St.3d 435, syllabus. In this case, summary judgment was proper because Appellant admitted that he had meaningful notice and knowledge that Ms. Allen was acting in her learning capacity as a student, not as an agent of the hospital.
 {¶ 16} It is undisputed that Appellant in this case knew without a doubt prior to the injection that Ms. Allen was, in fact, a student nurse. He had "notice or knowledge to the contrary" that Ms. Allen was not acting as an agent for the hospital, but was, rather, acting in her learning capacity as a student. At that point in time, when Appellant had knowledge that Ms. Allen was a student nurse, he could simply have exercised his freedom to choose not to have a student give him the injection. This is not a case, like Clark, where the patient lacks the power to make an intelligent and meaningful choice. The Clark
court had to address delivery of emergency services, which, by its very nature, is a situation where the patient has virtually no choice as to which medical practitioner at the hospital provides services, or in what manner they are provided. However, in this case, Appellant was receiving a regularly administered injection. He was awake and responsive at the time. There is no suggestion that he was impaired in thought or speech. He knew that Ms. Allen was a student, acting in a learning capacity. He knew that Ms. Ott was a nurse, acting in a medical capacity. Both women were present. Appellant had the power and capacity to choose: he could simply have objected to the student nurse's giving him the injection and requested that the nurse do so instead.
 {¶ 17} Appellant has failed to show any genuine issue of material fact as to whether Ms. Allen was an agent of the hospital. Accordingly, I respectfully dissent.